Brooke, J.
dissented. He said—I cannot concur in the opinion, that May’s execution was delivered to the deputy Mallory “ to be executed,” according to the 13th section of the statute concerning executions. The words of the statute are, that “ no writ of fieri facias, or other writ of execution, shall bind the property of the goods against which such writ is sued forth, but from the time such writ shall be delivered to the sheriff, under sheriff* coroner or other officer, to he executedto be executed, I presume, in pursuance of law, not according to the directions of the creditor. The section is copied from the english statute 29 Car. 2. ch. 3. and any delay amounting to laches in the creditor loses the priority of the execution ; as in the case of Payne v. Drew, cited at the bar, where a sequestration out of chancery, having the force of a fieri facias, lost its priority by the delay to execute it, amounting to laches in the plaintiff. So, in the case of Kellog v. Griffin, where the plaintiff having a prior fieri facias, directed the sheriff to levy it, but to do nothing until ordered, unless crowded by younger executions, but by no means to let the execution lose its preference. There, the laches was not so great as in the case before us, in which the execution was put into the hands of the deputy sheriff, to be executed only in the contingency of the debtor bringing his property to the town of Petersburg, which was the precinct or bailiwick of that deputy, but if he should not bring his property thither, and should not pay or secure the debt, the execution was to be delivered at the next county court of Dinwiddie, to another deputy, Field, to be executed on property within his precinct. The proceeding upon the execution after its delivery, was designedly suspended. Meanwhile, Scott the debtor mortgaged his property to secure a just debt,—under which deed the plaintiff fairly *181 acquired the title; the execution still remaining dormant i * in the hands of Mallory. I can see no difference between this case and the cases cited, unless a distinction is to be taken between a deed of trust, and a bona fide sale under it, which are recognized by law as one means of securing and satisfying a debt, and a fieri facias, which is another means of effecting the same object. Before the statute, the mischief was, that the creditor after taking his execution might permit it to lie in the office, and so be a secret lien on the debtor’s property. Now, it had as well be in the office, as in the hands of the sheriff, if he, by the direction of the creditor, is not to execute it but on some contingency that may never happen. To bind the property of the debtor, an execution must be delivered to the sheriff to be executed in pursuance of law, so that he is bound to proceed, and responsible for not proceeding. If it is delivered to him, to hold, and abide the directions of the creditor, other liens may intervene, which ought not to be affected by the creditor’s delay to execute his writ.